Janet M. Herold, Regional Solicitor
Bruce L. Brown, Associate Regional Solicitor
Susan Brinkerhoff, Trial Attorney
Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Telephone:   (206) 757-6754
Facsimile:   (206) 757-6761

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **SETH D. HARRIS**, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**OAK GROVE CINEMAS, INC.**, an Oregon domestic business corporation;<br>**BARRINGTON MANAGEMENT, LLC**, an Oregon domestic limited liability company;<br>**BARRINGTON VENTURE, LLC**, an Oregon domestic limited liability company;<br>and **DAVID EMAMI**, an individual and in his official capacity,<br><br>Defendants. | Civil Action No. 13-728<br><br>COMPLAINT<br>Violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) |

1.      Plaintiff SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary" or "Plaintiff"), brings this action pursuant to Section 17, 29 U.S.C § 217, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C §§ 201-19 (hereinafter "FLSA" or the "Act"), to enjoin Defendants DAVID EMAMI, OAK GROVE

CINEMAS, INC., BARRINGTON MANAGEMENT, LLC, and BARRINGTON VENTURE, LLC, from violating the provisions of Section 15(a)(3) of the Act, 29 U.S.C § 215(a)(3).

2. Jurisdiction of this action is conferred upon the Court by Section 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings); by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

3. Venue lies in the United States District Court, District of Oregon, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the instant claims occurred in this Court's district.

4. At all times material hereto, Defendant DAVID EMAMI is and has been an owner and/or director of Defendant OAK GROVE CINEMAS, INC., Defendant BARRINGTON MANAGEMENT, LLC, and Defendant BARRINGTON VENTURE, LLC (together "the Defendant Companies"), and is and has been at all relevant times an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of the Defendant Companies in relation to their employees and had economic and operational control over the Defendant Companies and their businesses in the State of Oregon.

5. At all times material hereto, Defendant OAK GROVE CINEMAS, INC., is and has been an Oregon corporation licensed to do business in the State of Oregon, with its principal place of business located at 3380 Barrington Drive, West Linn, Oregon 97068, within the jurisdiction of this Court, where it is and has been engaged in the movie theatre business. At all times material hereto, Defendant OAK GROVE CINEMAS, INC., is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

6. At all times material hereto, Defendant BARRINGTON MANAGEMENT, LLC, is and has been an Oregon limited liability company licensed to do business in the State of Oregon, with its principal place of business located at 3380 Barrington Drive, West Linn, Oregon 97068, within the jurisdiction of this Court, where it is and has been engaged in the

movie theatre business. At all times material hereto, Defendant BARRINGTON MANAGEMENT, LLC, is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

7.    At all times material hereto, Defendant BARRINGTON VENTURE, LLC, is and has been an Oregon limited liability company licensed to do business in the State of Oregon, with its principal place of business located at 3380 Barrington Drive, West Linn, Oregon 97068, within the jurisdiction of this Court, where it is and has been engaged in the movie theatre business. At all times material hereto, Defendant BARRINGTON VENTURE, LLC, is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d).

8.    At all times relevant to this Complaint, Defendant Emami and the Defendant Companies employ and/or employed employees in and about their places of business who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

9.    At all times relevant to this Complaint, the Defendant Companies are and have been "enterprises," as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), each having annual gross volume of sales made or business done of not less than $500,000 (exclusive of sales taxes at the retail level that are separately stated). By reason thereof, said enterprises at all times relevant to this Complaint were enterprises engaged in commerce or in the production of goods for commerce within the meaning of the Act.

10.    On information and belief, Defendant Emami runs the Defendant Companies, hires and fires employees, determines their salaries, and is responsible for maintaining employment records.

11.    Defendant Emami, acting on behalf of and as an agent of Defendant Companies, has willfully and repeatedly violated and/or is willfully and repeatedly violating the discrimination provision of FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3), by retaliating against

employees based on his belief that employees communicated with Department of Labor investigators and/or filed an FLSA complaint and/or testified or are ready to testify in such proceeding.

12. Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA § 17, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendant as follows:

(1) For an Order pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoining and restraining Defendant, his officers, agents, servants, employees, and all persons acting in his behalf and interest from prospectively violating the provisions of FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3);

(2) For an Order awarding Plaintiff his fees and the court costs of action; and

(3) For an Order granting Plaintiff such other and further relief as may be necessary and appropriate.

DATED: May 1, 2013

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

By: _____
SUSAN BRINKERHOFF
Trial Attorney

**U.S. DEPARTMENT OF LABOR**
**Counsel for Plaintiff**