Janet M. Herold, Regional Solicitor
Bruce L. Brown, Associate Regional Solicitor
Susan Brinkerhoff, Trial Attorney
Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone:    (206) 757-6754
Facsimile:     (206) 757-6761

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

**SETH D. HARRIS**, Acting Secretary of Labor, United States Department of Labor,

    Plaintiff,

v.

**OAK GROVE CINEMAS, INC.**, an Oregon domestic business corporation;
**BARRINGTON MANAGEMENT, LLC,** an Oregon domestic limited liability company;
**BARRINGTON VENTURE, LLC,** an Oregon domestic limited liability company;
and **DAVID EMAMI**, an individual and in his official capacity,

    Defendants.

Case No. 3:13-cv-00728-HU

TEMPORARY RESTRAINING ORDER

I. **INTRODUCTION**

On May 1, 2013, the Acting Secretary of Labor for the U.S. Department of Labor ("Acting Secretary") filed suit against Defendants David Emami, Oak Grove Cinemas, Inc., Barrington Management, LLC, and Barrington Venture, LLC, for acts and/or threats of retaliation by Defendant Emami, acting on behalf of and as agent for the Defendant companies, against Defendants' employees. The Defendants were under investigation by the Wage and

Hour Division of the Department of Labor ("WH Division") for violations of the Fair Labor Standards Act ("FLSA"), and Defendant Emami repeatedly threatened his employees with retaliatory termination and/or bodily harm if they cooperated with the WH Division investigator. Such threats are a violation of the FLSA's prohibition against retaliatory discrimination. See 29 U.S.C. § 215(a)(3).

## II.  LEGAL STANDARD

Section 17 of the FLSA authorizes injunction proceedings in district courts, for cause shown, to restrain violations of Section 215 of the FLSA, including discrimination against an employee because "such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding." 29 U.S.C. § 217.

Normally, a party seeking a TRO under Federal Rule of Civil Procedure 65 "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (discussing standard for preliminary injunction); Frontline Medical Associates, Inc. v. Coventry Healthcare Workers Compensation, Inc., 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009) (requirements for issuing TRO are identical to those for preliminary injunction); L.A. Unified Sch. Dist. v. U.S. Dist. Ct., 650 F.2d 1004, 1008 (9th Cir. 1981) ("if the district court's order meets the exacting requirements of a preliminary injunction, it follows a fortiori that it is acceptable as a TRO"). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are met." Alliance for the Wild Rockies v. Cottrell, 632

F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

However, a moving party need not satisfy the standard requirements for equitable relief when an injunction is sought to prevent the violation of a federal statute, and the statute specifically provides for injunctive relief. Trailer Train Co. v. State Bd. of Equalization, 697 F.2d 860, 869 (9th Cir. 1983); Marxe v. Jackson, 833 F.2d 1121, 1128 n.3 (3rd Cir. 1987). Here, Section 17 of the Act provides for injunctive relief in order to restrain violations of, inter alia, the retaliatory discrimination provision in the Act. See 29 U.S.C. §217. Therefore, the Acting Secretary need not show that there is a possibility of irreparable harm before a court may issue an injunction. Instead, the Acting Secretary need only show that the Defendants are engaged in, or about to be engaged in, the act or practices prohibited by the statute. See Atchison, T. and S. F. Ry. Co. v. Lennen, 640 F.2d 255, 259 (10th Cir. 1981). The declaration of WH Division Investigator Julieanna Elegant, which was appended to the Acting Secretary's Application for a Temporary Restraining Order and Order for Defendants to Show Cause Why a Preliminary Injunction Should Not Issue, clearly makes such a showing. However, to reinforce the gravity of the Plaintiff's conduct, the Acting Secretary took the additional step of showing that the requirements that normally apply to requests for TROs have been met here.

### III.  DISCUSSION

The Court concludes that a Temporary Restraining Order should issue in this case. The Acting Secretary has established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

favor, and that an injunction is in the public interest. Further, the Acting Secretary has demonstrated good cause why this Order should issue.

IV.  **CONCLUSION**

In light of the foregoing, and upon review of the Plaintiff's motion, and any memorandum in response and reply, IT IS SO ORDERED that:

(1) Defendant David Emami be enjoined from terminating or threatening to terminate any of his employees, or retaliating or discriminating against any of his employees in any other way based on his belief that his employees spoke with a Department of Labor Wage and Hour investigator or other Department of Labor official;

(2) Defendant David Emami be enjoined from inflicting or threatening to inflict bodily harm on any of his employees, or engaging in any other intimidation of any of his employees, or from otherwise chilling or influencing any of his employees' communications with the Department of Labor based on his belief that one or more of his employees filed a complaint with the Department of Labor;

(3) Defendant David Emami, or a designee of the Acting Secretary, be required to read aloud the following statement to all employees of Defendants Oak Grove Cinemas, Inc., Barrington Management, LLC, and Barrington Venture, LLC, informing them of their right to speak, free from retaliation or threats of retaliation or intimidation by Defendant David Emami, with representatives of the Acting Secretary including but not limited to officials of the Wage and Hour Division regarding the instant investigation, litigation arising out of the investigation, or any work conditions, such statement to be read during employees' paid working hours:

> *You are protected by the Fair Labor Standards Act and have the right to participate freely in the investigation, and the lawsuit arising from that investigation that the U.S. Government is bringing against David Emami and others ("Lawsuit"), alleging failure to pay wages as required by law.*
>
> *If Mr. Emami or anyone acting on his behalf approached or approaches you regarding the Department of Labor's investigation and Lawsuit alleging violations of the Fair Labor Standards Act, you have a right to be free of any coercion from him. The Court reminds you that you have a right to speak with investigators or other officials from the Department of Labor and to testify truthfully and free from coercion and that you should not be concerned, intimidated, or restrained by any statement Mr. Emami made to you under coercive circumstances.*

> *The U.S. District Court for the District of Oregon has ordered Mr. Emami, the owner and/or director of Oak Grove Cinemas, Inc., Barrington Management, LLC, and/or Barrington Venture, LLC (together "the Companies"), and anyone acting on Mr. Emami's behalf, to cease coercing, retaliating against, threatening to retaliate against, intimidating, or attempting to influence or in any way threatening the employees or former employees of one or more of the Companies in any way for providing information to the Department of Labor or giving testimony in the Lawsuit. The Court has barred Mr. Emami from contacting or communicating with any current or former employees of the Companies regarding the Lawsuit or any testimony any employee may give regarding allegations that Mr. Emami and the Companies failed to pay the full wages as required by federal law.*
>
> *Usted está protegido por la Ley de Normas Justas de Trabajo y tiene el derecho de participar libremente en la investigación que el gobierno está trayendo contra David Emami y otros ("pleito") por el supuesto crimen violación de faltar de pagar los sueldos como requiere la ley.*
>
> *Si el señor Emami o cualquier persona que actúe en el nombre de él le han acercado o le acerca en el futuro con respecto a la investigación y pleito del Departamento de Trabajo alegando infracciones de la Ley de Normas Justas de Trabajo, usted tiene el derecho de estar libre de cualquier coerción de él. El Tribunal le recuerda que usted tiene el derecho de hablar con investigadores u otros oficiales del Departamento de Trabajo y el derecho de testificar verdaderamente sin coerción y que usted no debe estar inquieto, intimidado, o disuadido por cualquier cosa que el señor Emami le ha dicho en circunstancias coercitivas.*
>
> *El Tribunal de Distrito de Oregón ha ordenado que el señor Emami, el dueño y/o director de Oak Grove Cinemas, Inc., Barrington Management, LLC, and/or Barrington Venture, LLC ("las compañías") y cualquier persona que actúe en el nombre de él, cesen coerción o vindicación o amenazas o intimidación o intentar influir o amenazar de cualquier manera los empleados o empleados antiguos de uno o más de las compañías por dar información al Departamento de Trabajo o por dar testimonio para el pleito. El Tribunal ha prohibido que el señor Emami contacte o comunique con empleados actuales o antiguos de las compañías acerca del pleito o cualquier testimonio que empleados pueden dar acerca de las alegaciones que el señor Emami o las compañías no les pagaron los sueldos completos como requiere la ley federal.*

  (4)  Defendant David Emami be required to post at each worksite of Defendants Oak Grove Cinemas, Inc., Barrington Management, LLC, and Barrington Venture, LLC, a hard copy of the statement included in ¶ 3 above, in both English and

        Spanish, and provide to each employee a copy of the written statement, in English and in Spanish, along with the written paystub provided to each employee with his/her next paycheck;

(5)     Defendant David Emami be prohibited from speaking directly to employees of Defendants Oak Grove Cinemas, Inc., Barrington Management LLC, and/or Barrington Venture, LLC, either directly or through another person acting on his behalf (except his attorneys), regarding any pending investigation by the Department of Labor or regarding any communication any employee has had or will have with the Department of Labor about the pending investigation by the Wage and Hour Division, litigation arising from the investigation, or any future investigation; and

(6)     Defendants reimburse Plaintiff's costs and expenses in maintaining the application for a temporary restraining order.

**IT IS SO ORDERED.**

Dated this ____ day of May, 2013

                                                      _____
                                                      MARCO A. HERNANDEZ
                                                      United States District Judge

Presented by:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

SUSAN BRINKERHOFF
Trial Attorney