**Edwin A. Harnden,** OSB No. 72112
eharnden@barran.com
**Richard C. Hunt,** OSB No. 68077
rhunt@barran.com
**Banu K. Ramachandran,** OSB No. 055376
banu@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile No.: (503) 274-1212

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND

| | |
|---|---|
| **SETH D. HARRIS**, Acting Secretary of Labor, United States Department of Labor, | 3:13-cv-00728-HZ |
| Plaintiff, | **ANSWER AND AFFIRMATIVE DEFENSES** |
| v. | |
| **OAK GROVE CINEMAS, INC.**, an Oregon domestic business corporation; **BARRINGTON MANAGEMENT, LLC**, an Oregon domestic limited liability company; **BARRINGTON VENTURE, LLC**, an Oregon domestic limited liability company; and **DAVID EMAMI**, an individual and in his official capacity, | |
| Defendants. | |

Defendants Oak Grove Cinemas, Inc., Barrington Management, LLC, Barrington Venture, LLC and David Emami ("defendants") admit that on May 21, 2013 they waived service

Page 1 – ANSWER AND AFFIRMATIVE DEFENSES

of a Summons and copy of plaintiffs' First Amended Complaint ("complaint") in this action, and, in answer to the complaint, state as follows.

1.

Answering paragraph 1 of the complaint, defendants state that the paragraph is plaintiff's summary of the nature of the action, to which no response is required as it asserts no legal claims and makes no factual allegations. To the extent that factual allegations are embedded in paragraph 1 of the complaint, defendants deny them.

2.

Answering paragraph 2 of the complaint, defendants state that the paragraph continues plaintiff's summary of the nature of the action, to which no response is required as it asserts no legal claims and makes no factual allegations. To the extent that factual allegations are embedded in paragraph 2 of the complaint, defendants deny them.

3.

Answering paragraph 3 of the complaint, defendants admit that plaintiff purports to assert jurisdiction under 29 U.S.C. §§ 216 and 217 and 28 U.S.C. §§ 1331 and 1345.

4.

Answering paragraph 4 of the complaint, defendants admit that plaintiff purports to assert venue pursuant to 28 U.S.C. § 1391(b).

5.

Answering paragraph 5 of the complaint, defendants state that David Emami was not an employer of the persons named in Exhibit A to the complaint because those persons were independent contractors and were not employees of any of defendants. Defendants further state that David Emami is and has been an owner and/or director of the other defendants. The remaining allegations of paragraph 5 assert only legal conclusions to which no response is required. To the extent that additional factual allegations are embedded in paragraph 5,

Page 2 – ANSWER AND AFFIRMATIVE DEFENSES

defendants deny them.

6.

Answering paragraph 6 of the complaint, defendants state that Oak Grove Cinemas, Inc. is and has been an Oregon corporation licensed to do business in the State of Oregon, with its principal place of business located at 3380 Barrington Drive, West Linn, Oregon 97068. Defendants further state that Oak Grove Cinemas, Inc. is and has been engaged in the movie theater business and in connection with that business employs some persons and engages some independent contractors. Defendants deny the remaining allegations of paragraph 6.

7.

Answering paragraph 7 of the complaint, defendants state that Barrington Management, LLC is and has been an Oregon limited liability company licensed to do business in the State of Oregon, with its principal place of business located at 3380 Barrington Drive, West Linn, Oregon 97068. Defendants further state that Barrington Management, LLC is and has been engaged in the business of providing management, construction, and landscaping services to commercial buildings and engages independent contractors to perform the needed work. Defendants deny the remaining allegations of paragraph 7.

8.

Answering paragraph 8 of the complaint, defendants state that Barrington Venture, LLC is and has been an Oregon limited liability company licensed to do business in the State of Oregon, with its principal place of business located at 3380 Barrington Drive, West Linn, Oregon 97068. Defendants further state that Barrington Venture, LLC is and has been engaged in the business of providing management, construction, and landscaping services to commercial buildings and engages independent contractors to perform the needed work. Defendants deny the remaining allegations of paragraph 8.

9.

Page 3 – ANSWER AND AFFIRMATIVE DEFENSES

Answering paragraph 9 of the complaint, defendants state that Oak Grove Cinemas, Inc. does employ and has employed individuals who handled, sold, or otherwise worked on goods or materials that have been moved or produced for commerce by any person. Defendants deny the remaining allegations of paragraph 9.

10.

Answering paragraph 10 of the complaint, defendants state that Oak Grove Cinemas, Inc. has had annual gross receipts in excess of $500,000. Defendants deny the remaining allegations of paragraph 10.

11.

Answering paragraph 11 of the complaint, defendants state that David Emami has some responsibility and delegates some responsibilities to others with respect to running the defendant companies. Defendants deny the remaining allegations of paragraph 11.

12.

Defendants deny the allegations of paragraphs 12-20.

13.

Any facts not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Without assuming plaintiff's burden of proof, defendants set forth the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Not a Common Enterprise; 29 U.S.C. § 203(r)(1))**

14.

Defendants do not constitute a single "enterprise" under 29 U.S.C. § 203(r)(1) because the defendant companies are not engaged in "related activities."

Page 4 – ANSWER AND AFFIRMATIVE DEFENSES

00337817.3

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

## SECOND AFFIRMATIVE DEFENSE

### (Not Enterprises; No Jurisdiction)

15.

Defendants Barrington Management, LLC, and Barrington Venture, LLC are not individually "enterprises" within the meaning of 29 U.S.C. § 203(s)(A)(ii) because the gross volume of business conducted by each entity is less than $500,000 per year.

## THIRD AFFIRMATIVE DEFENSE

### (Movie Theater Exemption; 29 U.S.C. § 213(b)(27))

16.

Defendant Oak Grove Cinemas, Inc. is a "motion picture theater" within the meaning of 29 U.S.C. § 213(b)(27) and its employees are exempt from the overtime provisions of 29 U.S.C. § 207.

## FOURTH AFFIRMATIVE DEFENSE

### (Independent Contractors; 29 U.S.C. § 203(d), (e))

17.

The individuals upon whose behalf overtime wages are sought are not "employees" of any of defendants within the meaning of 29 U.S.C. § 203(e) but instead are independent contractors.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith; 28 U.S.C. § 260)

18.

All defendants have acted in good faith at all times relevant to the allegations of the complaint and plaintiff is not entitled to recover liquidated damages pursuant to 29 U.S.C. § 260.

Page 5 – ANSWER AND AFFIRMATIVE DEFENSES

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith; Statute of Limitations; 29 U.S.C. § 255(a))

19.

All defendants have acted in good faith at all times relevant to the allegations of the complaint and claims arising out of events predating February 27, 2011 are barred by the statute of limitations set forth at 29 U.S.C. § 255(a).

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Show Liability by a Preponderance of the Evidence)

20.

Plaintiff has failed to show underpayment of wages by a preponderance of the evidence.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

21.

Plaintiff has alleged no facts demonstrating retaliatory motive on the part of defendant David Emami and instead makes only conclusory and unsupportable allegations that he has violated 29 U.S.C. § 215(a)(3). Further, plaintiff has not alleged specific facts sufficient to support a finding that defendants have violated 29 U.S.C. §§ 207, 211, 212(c), or 215, or that defendants are liable under 29 U.S.C. § 216.

## NINTH AFFIRMATIVE DEFENSE

### (No Protected Complaints and No Anticipated Testimony)

22.

No violation of 29 U.S.C. § 215(a)(3) has occurred because any statements by individuals identified in Exhibit A to the complaint did not constitute protected complaints to the Department of Labor within the meaning of Section 215. The Department also had not filed suit against defendants at the time of the alleged complaints, and accordingly, the individuals in

Page 6 – ANSWER AND AFFIRMATIVE DEFENSES

question were not "about to testify" within the meaning of Section 215.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands; Estoppel)

23.

Certain individuals are barred from receiving the damages sought by plaintiff because those individuals have misrepresented their hours of work, have deceived defendants with respect to activities during working hours, and have deceived governmental entities other than the Department of Labor with respect to unlawful activities in which those individuals have engaged.

WHEREFORE, defendants pray for judgment as follows:

(1)   That plaintiff's claims be dismissed;

(2)   That judgment be entered in favor of defendants on each of plaintiff's claims for relief and that plaintiff recover nothing;

(3)   That defendants be awarded their costs and disbursements and such other relief as the Court may grant in defending the action brought by plaintiff.

DATED this 12th day of July 2013.

BARRAN LIEBMAN LLP

By _____
    Edwin A. Harnden, OSB No. 72112
    eharnden@barran.com
    Richard C. Hunt, OSB No. 68077
    rhunt@barran.com
    Banu K. Ramachandran, OSB No. 055376
    banu@barran.com
Attorneys for Defendants

Page 7 – ANSWER AND AFFIRMATIVE DEFENSES

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July 2013, I served the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** on the following parties:

Bruce L. Brown, Associate Regional Solicitor
Susan Brinkerhoff, Trial Attorney
Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104

by the following indicated method(s) set forth below:

- ☒ **Electronic Filing using the Court's ECF System**
- ☐ **Facsimile**
- ☐ **First class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Electronic Mail**

_____
Edwin A. Harnden
Richard C. Hunt
Banu K. Ramachandran

CERTIFICATE OF SERVICE

00337817.3