IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

    v.

OAK GROVE CINEMAS, INC., an Oregon
domestic business corporation;
BARRINGTON MANAGEMENT, LLC, an
Oregon domestic limited liability company;
BARRINGTON VENTURE, LLC, an
Oregon domestic limited liability company;
and DAVID EMAMI, an individual and in his
official capacity,

                Defendants.

No. 3:13-cv-00728-HZ

OPINION & ORDER

Janet M. Herold
Bruce L. Brown
Susan Brinkerhoff
Office of the Solicitor
U.S. Department of Labor
300 Fifth Ave., Suite 1120
Seattle, WA 98104

    Attorneys for Plaintiff

1 - OPINION & ORDER

Richard C. Hunt
Edwin A. Harnden
Banu K. Ramachandran
Barran Liebman LLP
601 SW Second Ave., Suite 2300
Portland, OR 97204-3159

  Attorneys for Defendants

HERNANDEZ, District Judge:

  Plaintiff Thomas E. Perez, Secretary of Labor for the United States Department of Labor, brings this action against Defendants Oak Grove Cinemas, Inc., Barrington Management, LLC, Barrington Venture, LLC, and David Emami alleging violations of minimum wage, overtime, and recordkeeping provisions under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 ("FLSA").  Plaintiff brings an additional FLSA retaliation claim against Emami.  Defendants move for judgment on the pleadings pursuant to the Federal Rule of Civil Procedure 12(c).  Defendants also move for a jury trial pursuant to Rule 39(b).  For the reasons that follow, Defendants' motions [51, 62] are DENIED.

## BACKGROUND

  The following facts alleged in the Complaint are assumed true for the purpose of this Opinion:

  Plaintiff brings this action on behalf of thirty-five of Defendants' employees employed "in or about [Defendants'] places of business . . . who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce."  First Am. Compl., ¶¶ 2, 9; see id. Ex. A.  Defendant Oak Grove Cinemas, Inc., is an Oregon corporation engaged in the movie theater business operating from its principal place of business in West Linn, Oregon.  Id., ¶ 6.  Defendants Barrington Management, LLC and Barrington Venture, LLC, are Oregon limited liability companies engaged in the business of providing management, construction, and

2 - OPINION & ORDER

landscape services to commercial businesses operating from their principal places of business in West Linn, Oregon. Id., ¶¶ 7, 8. Defendant Emami is the "owner and/or director" of Oak Grove Cinemas, Inc., Barrington Management, LLC, and Barrington Venture, LLC. Id., ¶ 5. Defendant Emami "runs the Defendant Companies, hires and fires employees, determines their salaries, and is responsible for maintaining their salaries." Id., ¶ 11. Defendant Emami is an "employer within the meaning of [the] FLSA" because he acted "directly or indirectly in the interest of Defendants (employers) in relation to their employees . . . , and had economic and operational control over Defendants and their businesses." Id.

Defendants have "willfully and repeatedly" violated the FLSA by employing employees for "workweeks longer than forty (40) hours without compensat[ion]." Id., ¶ 12. Defendant Emami, "acting on behalf of and as agent of Defendant Companies[,]" violated the FLSA by "retaliating against employees based on his belief that employees communicated with the Department of Labor investigators and/or filed FLSA action and/or testified . . . in such proceedings." Id., ¶ 13. Additionally, Defendants violated the FLSA by "failing to maintain, keep, make available . . . , and preserve records" relating to employee "wages, hours, and other conditions and practices of employment." Id., ¶ 14.

## DISCUSSION

I. Judgment on the Pleadings

    A. Standard

A motion for judgment on the pleadings may be brought after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review" applies to motions brought under either rule. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (internal

3 - OPINION & ORDER

quotation marks and citations omitted). If matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

Judgment on the pleadings is proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (citation omitted). All allegations of fact by the non-moving party are accepted as true and are construed in the light most favorable to that party. Id. To survive a Rule 12(c) motion, "the complaint's factual allegations, together with all reasonable inferences, [must] state a plausible claim for relief." Cafasso, 637 F.3d at 1053 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

B. Analysis

Defendants move for judgment on the pleadings on the grounds that Plaintiff's FLSA claims of unpaid overtime, acts or threats of retaliation, and improper record keeping offer "nothing more than a 'formulaic recitation of the elements of a cause of action[,]' and thus each claim fails as a matter of law." Defs.' Mem., 2 (quoting Iqbal, 556 U.S. at 678). For the first claim involving unpaid overtime, Defendants argue the allegation gives "no hint" as to the: 1) "capacity" of employment; 2) "kind of enterprise"; 3) number of overtime hours; 4) timeframe in which violations occurred; and 5) employees' regular rate of pay. Id., 3-4. Defendants fault the retaliation claim for insufficiency because: 1) it is "silent" regarding the "nature" of the retaliation; 2) it is "noncommittal" regarding whether Defendant Emami "violated" or "is violating" the law; 3) gives no reason for the retaliation; and 4) fails to specify whether

retaliation is economic or physical.  Id., 4.  Defendants maintain that the recordkeeping claim is also insufficient because it "essentially alleges, at length, that defendants violated the recordkeeping provision of the FLSA by violating the recordkeeping provision of the FLSA." Id., 5.  Lastly, Defendants make the broader argument that the FLSA may not apply because Plaintiff "provides no facts in support of its legal conclusion that Defendants are or were employers."  Id.  (citing Harris v. Jie, No. C13-877RSL, 2013 WL 4675990, at *2 (W.D. Wash. Aug. 30, 2013)) (finding that a plaintiff's allegations that "defendants have the authority to hire and fire employees and control the day-to-day operations of the corporate defendants is insufficient to support a conclusion that defendants were employers within the meaning of the FLSA").

Plaintiff maintains the Complaint is sufficient because it provides "'fair notice of the factual basis of [the] claim.'"  Pl.'s Opp'n, 6 (quoting Skaff v. Meridien N. Am. Beverly Hills, LLC, 506 F.3d 832, 841 (9th Cir. 2007)).  In support, Plaintiff cites Secretary of Labor v. Labbe, 319 F. App'x 761 (11th Cir. 2008), where the Eleventh Circuit found that claims for FLSA violations, unlike claims for the complex antitrust scheme at issue in Twombly, require only "straightforward" allegations.  Labbe, 319 F. App'x at 763 (concluding that a complaint alleging FLSA violations contending that defendant was a covered employer and providing a list of covered employees was sufficient to withstand a motion to dismiss for failure to state a claim); see generally Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Plaintiff also cites Lambert v. Ackerley, 180 F.3d 997 (9th Cir. 1999), where the Ninth Circuit "broadly" construed the FLSA's anti-retaliation provision to protect employees who might otherwise feel compelled to risk their jobs in order to assert their rights.  Lambert, 180 F.3d at 1004.

I disagree with both Plaintiff and Defendants' arguments concerning how the plausibility standard applies to this case. Plaintiff attempts to sidestep the issue by suggesting that the requirements for allegations to sustain a FLSA claim are something less than the plausibility standard articulated in Twombly. Pl.'s Opp'n, 4-5; see generally Iqbal, 556 U.S. at 678 (defining the plausibility standard as the determination that the complaint "contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face") (quotation marks omitted); see, e.g., Cafasso, 637 F.3d at 1054 n.4 (9th Cir. 2011) (finding that the plausibility standard applies to review of Rule 12(c) motions). Defendants' argument goes too far in the other direction by arguing for strict adherence to the plausibility standard when the parties have already litigated a temporary restraining order and preliminary injunction and have engaged in months of discovery.

In a similar case, the First Circuit considered the question of whether "it is appropriate to apply the plausibility standard after substantial discovery has taken place." Grajales v. Puerto Rico Ports Auth., 682 F.3d 40, 45-46 (1st Cir. 2012). The Grajales court explained that:

> An obvious anomaly arises in . . . a situation [where substantial pretrial discovery has taken place] because a court attempting to determine whether a complaint should be dismissed for implausibility must decide, on the basis of the complaint alone, if the complaint lacks enough factual content to allow a reasonable inference that the defendant is liable for the misconduct alleged. This is, by its nature, a threshold inquiry, and logic strongly suggests that it occur prior to discovery. Ignoring the entire panoply of facts developed during discovery makes little sense.
>
> An artificial evaluation of this sort seems especially awkward because one of the main goals of the plausibility standard is the avoidance of unnecessary discovery. Applying the plausibility standard to a complaint after discovery is nearly complete would defeat this core purpose. Thus, . . . once the parties have invested substantial resources in discovery, a district court should hesitate to entertain a Rule 12(c) motion that asserts a complaint's failure to satisfy the plausibility requirement.

Id. at 46 (internal quotation marks and citations omitted).

Grajales cited an Eighth Circuit case that also noted its concern regarding the appropriateness of ruling on a Rule12(c) motion after a preliminary hearing had generated an extensive record. Id. (citing Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010)). Other than this reference, I have found no other circuit court cases addressing the issue. While Grajales itself ultimately concluded that the pleading before it satisfied the plausibility standard, several district courts have adopted Grajales's reasoning that a Rule 12(c) motion attacking the plausibility of a complaint's allegations brought late in the case is inappropriate. See Redondo Constr., Co. v. Izquierdo, 929 F. Supp. 2d 1, 5 (D.P.R. 2012) (citing Grajales and finding it inappropriate to apply the Rule 12(c) plausibility standard to a defendant's claims in a case that had been litigated for over nine years and in which the parties had invested substantial resources in discovery); AM Gen. LLC v. Demmer Corp., No. 3:12-CV-333, 2013 WL 5348484, at *1, *6 (N.D. Ind. Sept. 23, 2013) (citing Grajales and denying a 12(c) motion on the grounds that a significant amount of discovery had taken place and the complaint contained detailed factual allegations supporting the claims); Jones v. Town of Quartzsite, No. CV-12-2629-PHX-LOA, 2014 U.S. Dist. LEXIS 23084, at *4, *6 (D. Ariz. Feb. 24, 2014) (citing Grajales and noting that courts "should hesitate to entertain Rule 12(c) motion[s] once parties have invested substantial resources in discovery").

Had Defendants brought this motion at an earlier stage in litigation, I may have granted the motion on the basis of the plausibility standard. However, because there has been substantial discovery, the underlying rationale, or "core purpose" of the plausibility standard has already been satisfied. In cases where an answer has been filed, there has been preliminary injunction motion practice, and discovery has progressed to include depositions, the application of the

Iqbal/Twombly plausibility standard is inappropriate on a Rule 12(c) motion.  Accordingly, I deny Defendants' motion for judgment on the pleadings.

II. Motion for Jury Trial

    A. Standard

Rule 38(b) states that a party may demand a jury trial on "any issue triable of right" by serving the other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b).  A party waives a jury trial, however, "unless its demand is properly served and filed."  Fed. R. Civ. P. 38(d); see also, Solis v. Los Angeles, 514 F.3d 946, 953-54 (9th Cir. 2008); Pradier v. Elespuru, 641 F.2d 808, 810 (9th Cir. 1981).

If no timely demand for a jury trial is made, a court may, pursuant to a Rule 39(b) motion, order a jury trial on any issue for which a jury might have been demanded.  Fed. R. Civ. P. 39(b).  The Ninth Circuit has held that a district court's discretion under Rule 39(b) is narrow and "does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1086-87 (9th Cir. 2002).  "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."  Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (9th Cir. 2001) (a good faith mistake in the law is insufficient reason for relief under Rule 39); see also Chandler Supply Co. v. GAF Corp., 650 F.2d 983, 987-88 (9th Cir. 1980).

    B. Analysis

Defendants, who concede that they did not timely request a jury trial pursuant to Rule 38(b), argue that this Court should grant them relief from waiver pursuant to Rule 39(b).  Defendants maintain that their failure to timely request a jury trial was not simply due to mere

oversight or inadvertence, but rather due to the "extraordinary delay that defendants faced in obtaining meaningful discovery" because that delay "affected the course of proceedings." Defs.' Mot. in Supp. of Mot. for Jury Trial, 2. Defendants note that it was not until the March 6, 2014 discovery hearing that Plaintiff "was finally forced to disclose" the contact information for the individuals named in Exhibit A to the First Amended Complaint. Defendants state that it was not until that time that they learned that Plaintiff lacked current contact information for those Exhibit A individuals and thus, that Plaintiff may not be able to support its unpaid wage claims with the testimony of those witnesses. According to Defendants, this "new information" made the factual disputes that had been present from early stages in the case even more central and thus made a trial to a jury important to Defendants. Thus, this delayed response was not mere inadvertence. Defendants also complain that they were not able to take depositions of the individuals listed in Exhibit A until the discovery motions were resolved.

In response, Plaintiff contends that Defendants overstate the significance of alleged "new information" and that their failure to request a jury trial is the result of nothing more than oversight or inadvertence. Plaintiff argues that Defendants' tenth affirmative defense, alleging that some workers would be barred from receiving damages sought by Plaintiff because they misrepresented their hours of work and deceived Defendants in regards to their activities during working hours, demonstrates that Defendants were aware when they filed their answer in July, 2013 that factual issues related to workers' misrepresentations would be at issue in trial. Plaintiff also argues that Defendants have known since Plaintiff filed his Complaint that he alleges Defendants failed to pay overtime and misclassified employees as independent contractors.

I agree with Plaintiff that Defendants have mischaracterized the discovery issues. In

response to the Defendants' motion to compel, Plaintiff stated that the first time Defendants requested the contact information for the employees in Exhibit A was in the motion to compel. Plaintiff had assumed that Defendants had the contact information because all of the Exhibit A employees are, or were, employees of Defendants and under the FLSA, Defendants are required to keep such information for at least two years. Plaintiff represented that it would provide the contact information. Thus, Defendants failed to make a request until they filed the motion to compel in mid-February 2014. And, while Defendants contended during the discovery motions that culminated in the March 6, 2014 hearing that Plaintiff's counsel had taken the position that Defendants were not entitled to take the depositions of any witnesses and that the Department of Labor need not make any witnesses available for depositions, Plaintiff disputed that assertion and noted that Defendants were free, and had been free, to depose or interview any of the Exhibit A witnesses as long as they did not inquire into matters protected by the government informant privilege. Plaintiff noted that the Exhibit A individuals are not parties and the Office of the Solicitor does not represent them so the Department could never prevent Defendants from interviewing or deposing those individuals; correspondingly, however, the Department noted that it was not obligated to facilitate those proceedings.

    Because Defendants have mischaracterized the discovery issue, arguing that relevant information has only recently been made available when in fact it was not unavailable, their argument for relief from waiver based on an alleged "extraordinary delay" is without merit. Still, Defendants' failure to obtain relevant and available information could be construed as something other than inadvertence or oversight, such as an intentional or strategic choice. While Ninth Circuit case law, as previously discussed, makes clear that district courts may not grant Rule 39(b) motions if waiver was due to inadvertence, courts may be able to grant the motion if

10 - OPINION & ORDER

waiver was due to something beyond mere inadvertence. See Gardner v. Loo, No. CIV 10-00283 ACK-LEK, 2010 WL 4116788, at *2 (D. Haw. Oct. 18, 2010) (explaining that Ninth Circuit district courts are required, as a threshold matter, to determine that the failure to make a timely jury demand was not result of oversight or inadvertence before considering whether discretionary factors permit relief from waiver). Here, even if Defendants' waiver could be construed as intentional, this Court would still be precluded from granting Defendants' motion. In the Ninth Circuit, strategic or intentional planning in the context of failing to request a jury trial is tantamount to inadvertence. Level 3 Commc'ns, Inc. v. Lidco Imperial Valley, Inc., No. 11-CV-01258 BTM MDD, 2012 WL 4848929, at *7 (S.D. Cal. Oct. 11, 2012) (citing Sait Electronics, S.A. v. Schiebel, 846 F. Supp. 17, 18 (S.D.N.Y. 1994)).

> Applying the same more than mere inadvertence standard employed by the Ninth Circuit, the Sait Electronics court denied the motion for a jury trial, reasoning: from defendant's motion papers it appears that defendant's failure to make a timely demand was not due to inadvertence at all, but to a deliberate decision followed by either a change of mind or the discovery that a jury trial was not inappropriate for the issues involved.

Id. (internal quotation marks omitted; citing Alvarado v. Santana-Lopez, 101 F.R.D. 367, 368 (S.D.N.Y. 1984) (holding that regardless of whether "defendants merely overlooked the need to file a timely jury demand without the benefit of discovery[,]" or they took "a calculated gamble that discovery would prove a jury trial undesirable[,]" they showed "nothing beyond mere inadvertence")). Given there is no reason for Defendants' untimely failure to demand a jury trial pursuant to Rule 38(b) other than mere inadvertence, Defendants' motion for a jury trial pursuant to Rule 39(b) is denied.

/ / /

/ / /

/ / /

11 - OPINION & ORDER

CONCLUSION

Defendants' motions for judgment on the pleadings and for a jury trial [51, 62] are DENIED.

IT IS SO ORDERED.

Dated this \_\_5\_\_ day of \_\_May\_\_, 2014

_____
MARCO A. HERNANDEZ
United States District Judge

12 - OPINION & ORDER